99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
William SELLERS, Appellant.
 No. 96-2103.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 10, 1996.
Decided Oct. 11, 1996.
 
 Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Sellers, an African-American, challenges the 84-month sentence imposed by the district court[1] after he pleaded guilty to possessing cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 2
 At issue is Sellers's offense-level calculation, which was derived from the penalty scheme set forth in 21 U.S.C. § 841(b)(1), providing the same penalties for given amounts of crack and 100 times greater amounts of powder cocaine. Sellers argues that the 100-to-1 ratio has a disproportionate adverse effect on African-Americans; Congress's rejection of the Sentencing Commission's proposed amendment to the Sentencing Guidelines--which would have eliminated the 100-to-1 ratio and equalized the penalties for crack and powder cocaine--evidences a discriminatory purpose on Congress's part in maintaining the penalty scheme; and, thus, continued application of the scheme violates his Fifth Amendment equal protection and due process rights. Sellers also contends the district court erred in not departing downward under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0, based on the Commission's conclusion that the 100-to-1 ratio was not justified.
 
 
 3
 We recently rejected similar arguments in United States v. Carter, 91 F.3d 1196, 1198-99 (8th Cir.1996) (per curiam) (equal protection and due process challenges), and in United States v. Lewis, 90 F.3d 302, 304-06 (8th Cir.1996) (downward-departure challenge).
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska